[No. 10,071.]

## THE PEOPLE *v.* JOHNSTON.

DEFECT IN INDICTMENT.—If an indictment is not signed or endorsed by the foreman of the Grand Jury, the defendant must take advantage of the defect by a motion to set it aside. If he goes to trial on a plea of not guilty, he waives the defect.

APPEAL from the District Court, Eleventh Judicial District, County of Amador.

The defendant was indicted for the crime of murder in the first degree, was convicted, and appealed.

The other facts are stated in the opinion.

*Jo Hamilton,* for the Appellant, argued that the indictment was not endorsed by the foreman of the Grand Jury, as required by sections nine hundred and forty, nine hundred and forty-one, nine hundred and ninety-five and nine hundred and ninety-six of the Penal Code.

*Attorney-General Love,* for the People, argued that a motion should have been made in the Court below, to set aside the indictment, as required by section nine hundred and ninety-six of the Penal Code, and cited *People* v. *Laurence,* 21 Cal. 373.

. By the COURT:

The only point made for the prisoner is that the indictment does not appear to have been signed or indorsed by the foreman of the Grand Jury. No motion to set aside the indictment was made by the prisoner in the Court below, but the cause was tried upon the plea of not guilty, interposed by him. By section nine hundred and ninety-six of the Penal Code, which substantially corresponds with section two hundred and eighty of the Criminal Practice Act formerly in force, an objection of this character, to be availed of, is to be made by motion of the prisoner to set aside the indictment, and his failure to make such a motion precludes him from afterwards taking the objection.

Judgment and order denying new trial affirmed. Remittitur forthwith.