[Crim. No. 971.  Department One.—June 3, 1903.]

THE PEOPLE, Respondent, *v.* SETON BOREN, Appellant.

CRIMINAL LAW—MOTION TO SET ASIDE INFORMATION—POSTPONEMENTS OF PRELIMINARY EXAMINATION.—A motion to set aside an information on the ground that the record of the preliminary examination shows postponements for more than two days, and is silent as to whether they were made at his request or with his consent, was properly denied.

ID.—INFORMATION FOR INJURING PUBLIC JAIL—FOLLOWING STATUTE—APPELLATION OF OFFENSE.—An information charging the offense of injuring a public jail, which substantially follows the language

of the statute, is sufficient. It need not give the appellation of the offense as a felony or misdemeanor.

ID.—CONSTRUCTION OF PENAL CODE—FELONY.—Section 606 of the Penal Code, for the violation of which the defendant was prosecuted, for injuring a public jail, provides a punishment both by fine and by imprisonment in the state prison, conjunctively; and the crime defined therein is a felony, and not a misdemeanor.

ID.—EVIDENCE—BROKEN BARS OF IRON.—Upon the trial of such offense, the bars of iron of the public jail, broken and cut by the defendant, were admissible in evidence against him, when sufficiently identified as constituting part of his cell.

ID.—CONFINEMENT IN JAIL—MOTIVE OF OFFENSE.—Evidence that the defendant was confined in the jail when the bars were broken is admissible, as tending to show a motive to commit the offense charged in an attempt to escape.

ID.—CROSS-EXAMINATION—BIAS OF WITNESS—INSUFFICIENT RECORD.— The exclusion of a question asked upon cross-examination, to show the interest or bias of the witness against the defendant, will not be reviewed where there is nothing in the record to indicate that the testimony sought was material on the question of the bias of the witness.

ID.—SURRENDER OF DEFENDANT BY BONDSMEN—LEGALITY OF CONFINE-MENT.—Where the defendant claimed that he was not legally in jail when the bars were broken, it is proper to show that he was surrendered by his bondsmen on a charge of felony. If his imprisonment was illegal, he had an ample remedy, and that could not justify his breaking or injuring the public jail.

ID.—INSTRUCTION AS TO DEFENDANT'S TESTIMONY.—An instruction requested as to the testimony of defendant, in the exact language of the instruction in *People* v. *Cronin*, 74 Cal. 191, 195, is sustained with reluctance. Justice would be more surely accomplished if no such instruction were given, and the credibility of the defendant were left entirely to the jury.

ID.—DISQUALIFICATION OF JUROR—NEW TRIAL.—A new trial cannot be granted for the disqualification of a juror. An objection to a juror must be taken before he is sworn to try the cause, unless the court permits it to be taken before the jury is completed.

APPEAL from a judgment of the Superior Court of Stanislaus County. W. O. Minor, Judge.

The facts are stated in the opinion of the court.

C. W. Eastin, for Appellant.

U. S. Webb, Attorney-General, and J. C. Daly, Deputy Attorney-General, for Respondent.

THE COURT.—Appellant was·charged by the information with the offense of having willfully and feloniously broken and injured a public jail, and also with having suffered a prior conviction of the crime of robbery. To the present charge he pleaded not guilty, and to the charge of a former conviction he pleaded "guilty." The jury returned a verdict of guilty, and the court imposed the punishment of imprisonment in the state prison for the term of eight years, and he appeals from the judgment and from an order denying his motion for a new trial. Section 606 of the Penal Code provides: "Every person who willfully and intentionally breaks down, pulls down, or otherwise destroys or impairs any public jail or other place of confinement, is punishable by fine not exceeding ten thousand dollars, *and* by imprisonment in the state prison not exceeding five years."

1. It is contended that the information should have been set aside for the reason that the examination of defendant before the magistrate was postponed for more than two days at a time without his consent.

The record shows that one of the three postponements was made with the consent of the defendant, but is silent as to whether the others were with his consent or not, and at whose request the postponements were made. Section 861 of the Penal Code provides: "The examination must be completed at one session, unless the magistrate, for good cause shown by affidavit, postpone it. The postponement cannot be for more than two days at each time, nor more than six days in all, unless by consent or on motion of defendant."

In *People* v. *Grundell,* 75 Cal. 301, 302, the hearing was continued without an affidavit or the consent of the defendant, as provided in said section, and this court said: "Without expressing any opinion whether this section is merely directory or not, it is sufficient to say that from the record ·before us it cannot be determined that the continuance was not by consent."

In *People* v. *Van Horn,* 119 Cal. 323-326, it is said: "We do not think a postponement of the preliminary examination beyond six days, whether erroneous or not, affected the jurisdiction. If the·postponement worked appellants any legal wrong, such wrong consisted in their temporary illegal con-

finement by the officer who had them in custody, for which, if not lawful, there would have been a remedy at the time.'' Appellant's motion to set aside the information was properly denied.

2. Defendant's demurrer to the information was not well taken. It is said that the information does not state a public offense; that it contains only the language of the statute (citing Pen. Code, sec. 606). The code requires the information to contain ''a statement of the acts constituting the offense, in ordinary and concise language, and in such manner as to enable a person of common understanding to know what was intended.'' (Pen. Code, sec 950.)

The facts constituting the offense are sufficiently stated. It is charged that defendant willfully, unlawfully, feloniously, and intentionally cut, broke, and injured a public jail. It was not necessary to give the appellation of the offense, as a felony or a misdemeanor. (*People* v. *War,* 20 Cal. 117; *People* v. *Phipps,* 39 Cal. 326.)

3. It is urged on behalf of appellant that section 606 of the Penal Code, for the violation of which he is prosecuted, is invalid, and cannot be enforced, because no valid judgment can be pronounced under it, and that the judgment rendered does not follow its provisions.

It will be noticed that said section provides that such offense shall be punished by a ''fine not exceeding ten thousand dollars, *and* by imprisonment in the state prison not exceeding five years.'' Appellant's argument is, that crimes are divided into two classes—felonies and misdemeanors (Pen. Code, sec. 16); that whether a particular offense is a misdemeanor or felony is determined by the punishment imposed; that by section 17 of said code it is declared that ''a felony is a crime punishable with death, or by imprisonment in the state prison. Every other crime is a misdemeanor''; and that a particular offense cannot be both a misdemeanor and a felony. The penalty imposed by section 606 of the Penal Code is in the conjunctive, and in such case it is contended that both punishments must be imposed, while, if the penalties are in the disjunctive, either may be imposed, but not both, and that the same act cannot be both a felony and a misdemeanor.

The crime defined by section 606 of the Penal Code is a

felony, and not a misdemeanor. The judgment on a conviction thereof must always prescribe imprisonment in the state prison. The fact that a fine must also be imposed is not material. We know of no reason why the legislature may not, in prescribing the penalty for any felony, provide a fine in addition to the imprisonment in the state prison.

The judgment that the defendant be confined for eight years in the state prison was justified by the fact that he was charged in the information with having suffered a prior conviction of the crime of robbery, which prior conviction he acknowledged. (Pen. Code, sec. 666, subd. 2.)

4. The court did not err in admitting in evidence the broken bars of iron. The witness testified that he got them from Mr. Lander, but he also testified that "they fitted there." This was evidence tending to identify them. Besides, the fact that certain iron bars forming part of the cell were cut and broken is not disputed.

5. It is further contended that the court erred in permitting parol evidence that the defendant was at the time he committed the offense confined in the county jail under commitment. It is not necessary to the commission of the offense charged that the person breaking or injuring the jail should be confined therein. But the fact that the person charged with the offense is not there voluntarily, but is confined therein, which was all that was sought to be elicited in this case, is a circumstance going to show a motive on the part of the defendant to commit the offense charged in an attempt to escape.

6. A deputy sheriff was examined on behalf of the people as to the circumstances of the offense. On cross-examination it was elicited that under order of the court he had brought certain witnesses from the Folsom state prison to testify on behalf of the defendant, arriving with them the night before the examination. He was asked by defendant's counsel why he had not upon his arrival taken them to the county jail, the attorney stating that the question was asked to show the interest of the witness. An objection by the district-attorney was sustained. There is nothing in the record to indicate that the testimony sought was at all material on the question of bias of the witness.

7. Mr. Kirman, a deputy sheriff, was asked upon redirect

examination whether the defendant was not surrendered by his bondsmen on a charge of felony, and he answered that he was. This question seems to have been prompted by defendant's claim that he was not legally in jail at the time it was broken, and upon that ground the court refused to strike out the answer. We think the defendant cannot complain of the ruling.

8. Anderson, an inmate of the jail at the time it was broken, testified for the defendant that he (Boren) had nothing to do with the breaking of the jail, and that he had no interest in shielding the defendant, and upon cross-examination was asked, if that was so, why he did not tell that a hole was being cut. The question was proper.

9. It is also contended that the court erred in its instruction to the jury relating to the testimony defendant gave in his own behalf. Said instruction is a literal copy of the instruction upon that subject in *People* v. *Cronin,* 34 Cal. 191, 195, which has been followed in many cases, though with reluctance. (See *People* v. *Van Ewan,* 111 Cal. 144, and numerous cases there cited.) We again feel constrained to say, as was said in *People* v. *Van Ewan,* that it is difficult to logically attribute the giving of any instruction whatever on the subject of defendant's testimony to anything else than a purpose to expressly disparage a witness before a jury, the very thing that a court has no authority to do, in view of our constitutional provision. Justice would be more surely accomplished if no such instruction were given and the credibility of the defendant were left entirely to the jury, as this court has often said. The instructions requested by the defendant were properly refused by the court. If his imprisonment was illegal he had an ample remedy. It could not justify his breaking or injuring the public jail used for the confinement of prisoners.

10. There was ample evidence to sustain the verdict. All questions of fact are for the jury, including the credibility of witnesses. It is quite apparent that the jury disbelieved some of the witnesses, but this court cannot reverse the order and grant a new trial for that reason.

11. Another ground upon which it is contended a new trial should have been granted is, that an uncle by marriage of the district-attorney was a member of the trial jury; that this fact was unknown to the defendant or his counsel until after the

trial; that defendant's peremptory challenges had not been exhausted; and that if these facts had been known, defendant would have challenged him peremptorily. These facts appear by affidavit, but constitute no ground for new trial. Section 1181 of the Penal Code specifies the only grounds upon which a new trial may be granted, and this objection is not included in the grounds there stated. An objection to a juror must be taken before the juror is sworn to try the cause; but the court may for cause permit it to be taken after the juror is sworn and before the jury is completed. (Pen. Code, sec. 1068.)

The judgment and order are affirmed.