[Crim. No. 97. Second Appellate District.—October 6, 1908.]

## THE PEOPLE, Respondent, v. CHARLES PATINO, Appellant.

CRIMINAL LAW—INSTRUCTION—PRESUMPTION OF INNOCENCE—REASONABLE DOUBT—EQUIVALENT OF REQUEST.—An instruction by the court, in the language of section 1096 of the Penal Code, that "a defendant in a criminal case is presumed to be innocent until the contrary is proved, and, in case of a reasonable doubt whether his guilt is satisfactorily shown, he is entitled to an acquittal," is the equivalent of an instruction requested by the defendant that "the presumption of innocence prevails throughout the trial; and it is the duty of the jury, if possible, to reconcile the evidence with this presumption," and it was not error to refuse the request.

ID.—PRESUMED KNOWLEDGE OF JURORS.—As reasonable men of ordinary intelligence, the jurors must have known that the presumption of defendant's innocence mentioned by the court had reference to the entire trial, and all the evidence adduced; and it was necessarily implied that the jury were to consider each and every portion of the evidence with that presumption in mind.

ID.—DEFENDANT NOT PREJUDICED.—In view of the instructions given, defendant was not prejudiced by the refusal to instruct the jury that "it is the duty of the jury, if possible, to reconcile the evidence with this presumption."

APPEAL from a judgment of the Superior Court of Orange County, and from an order denying a new trial. Z. B. West, Judge.

The facts are stated in the opinion of the court.

Clyde Bishop, and A. R. Holston, for Appellant.

U. S. Webb, Attorney General, and George Beebe, Deputy Attorney General, for Respondent.

TAGGART, J.—Information for grand larceny with charge of prior conviction of burglary. Four appeals are designated in the notice as follows: From the judgment, from the decision refusing to set aside the information, from the decision disallowing the demurrer, and from the order denying defendant's motion for a new trial.

But one question is presented: The refusal of the trial court to give, at defendant's request, an instruction in the following language: "The jury are instructed that the defendant must be presumed to be innocent until his guilt is fully established by legal evidence. The presumption of innocence prevails throughout the trial, and it is the duty of the jury, if possible, to reconcile the evidence with this presumption." It is admitted by appellant that the first part of the instruction was substantially covered by the instruction given by the court in relation to reasonable doubt, but he contends that the last clause was not.

The defendant was entitled to have the jury instructed that the law was as declared in the last clause, if they were not so informed by the other instructions given by the court. The jury were instructed in the language of section 1096 of the Penal Code that "a defendant in a criminal case is presumed to be innocent until the contrary is proved, and in case of a reasonable doubt whether his guilt is satisfactorily shown, he is entitled to an acquittal." This was said in *People* v. *Jailles*, 146 Cal. 301, [79 Pac. 965], to be the equivalent of an instruction that the "presumption of innocence must go with you in all your deliberations as jurors in arriving at your verdict"; the court in that case saying: "There was nowhere in the charge any intimation . . . that this presumption of innocence could be lost sight of at any time prior to arriving at a verdict, and the jury could not have so understood in view of the instructions given." This is true of the charge in the case at bar, and in relation to the instruction here given it may be said, as it was in *People* v. *Miles*, 143 Cal. 640, [77 Pac. 668]: "As reasonable men of ordinary intelligence, the jurors must have known that the presumption of defendants'

9 Cal. App.—13

innocence mentioned by the court had reference to the entire trial and to all the evidence there adduced.''

The jury being instructed that the presumption of innocence related to all the evidence introduced during the trial, it was necessarily implied they were to consider each and every portion of the evidence with that presumption in mind. It cannot be said that defendant was prejudiced by the refusal of the trial court to add the further direction that the jury must, ''if possible, (to) reconcile the evidence with the presumption of innocence.''

No other question being presented, the judgment and order denying the motion for a new trial are affirmed.

Allen, P. J., and Shaw, J., concurred.