[Crim. No. 1001.   First Appellate District, Division One.—September 6, 1921.]

# THE PEOPLE, Respondent, v. ROSE FRITZ, Appellant.

[1] CRIMINAL LAW—INFORMATION—SUBSCRIPTION BY DISTRICT ATTORNEY—WAIVER.—While an information must be subscribed by the district attorney and must be set aside by the court in which the defendant is arraigned, upon his motion, if it be not so subscribed, yet if such motion is not timely made, the defendant will be deemed to have waived the objection and is precluded from afterward taking advantage of the defect.

[2] ID.—TRIAL—TRANSCRIPT OF TESTIMONY—FAILURE TO RECEIVE DEMANDED COPY—LACK OF PREJUDICE.—Failure of a defendant to receive a copy of the transcript of the testimony taken in the lower court, which was demanded upon arraignment, is without prejudice in the absence of a request for a continuance or the making of any objection to proceeding with the trial, during which a transcript was present and used by counsel for appellant with apparent familiarity.

[3] ID.—JURY—ABSENCE OF TALESMEN—LACK OF PREJUDICE.—The impanelment of a jury without all of the jurors on the panel being present is without prejudice although the defendant exhausted all her peremptory challenges in the absence of a showing that any objectionable juror was forced upon her after she had exhausted such challenges.

[4] ID.—VIOLATION OF MEDICAL PRACTICE ACT—VERDICT—ABSENCE OF VARIANCE.—In a prosecution for a violation of section 17 of the state Medical Practice Act there is no variance between the verdict and the allegations of the information where the verdict follows the charging part of the information.

[5] ID.—TESTIMONY OF HIRED DETECTIVES—CONSIDERATION—INSTRUCTION.—An instruction that the testimony of hired detectives or state agents should not be disregarded solely for the reason that they are thus employed should not be given.

[6] ID. — TESTIMONY OF DEFENDANT — INSTRUCTION. — An instruction that while the defendant in a criminal case is not required to take the stand and testify, yet if she does so, no greater presumption attaches in favor of her testimony than attaches in favor of any other witness, should not be given.

[7] ID.—MISCONDUCT OF COURT—COLLOQUY WITH COUNSEL—ADMONITION TO DISREGARD—INSUFFICIENT GROUND FOR REVERSAL.—Discussion on the part of the court with counsel for defendant at the conclusion of his argument as to the import and effect of certain

remarks is a most serious invasion of the rights of the defendant, but not reversible error where admonition is given to disregard the episode.

APPEAL from a judgment of the Superior Court of the City and County of San Francisco. Harold Louderback, Judge. Affirmed.

The facts are stated in the opinion of the court.

Edwin V. McKenzie for Appellant.

U. S. Webb, Attorney-General, John H. Riordan, Deputy Attorney-General, Harry A. Encell and Frank M. Smith for Respondent.

WASTE, P. J.—The appellant was convicted in the superior court of the city and county of San Francisco of the crime of misdemeanor, to wit, a violation of section 17 of the state Medical Practice Act (Stats. 1917, p. 93), and was sentenced to pay a fine of three hundred dollars, or, in default thereof, to be confined in the county jail for a term of sixty days. She appeals from the judgment of conviction and sentence.

[1] The information in the case is not subscribed by the district attorney or anyone acting in his behalf, for which reason the appellant contends that there is no valid information on file. It is undoubtedly the law that an information in this state must be subscribed by the district attorney (Pen. Code, sec. 809), and that the information must be set aside by the court in which the defendant is arraigned, upon his motion, if it be not so subscribed. (Pen. Code, sec. 995.) But, if the motion to set aside the information is not thus timely made, and none was made in this case, the defendant will be held to have waived the objection, and is precluded from afterward taking advantage of the defect. (Pen. Code, sec. 996; *People* v. *Johnston,* 48 Cal. 549, 550; *People* v. *Villarino,* 66 Cal. 228, 230, [5 Pac. 154].)

[2] When the case was called for trial the defendant's counsel stated to the court that he had never received a copy of the transcript of testimony taken in the lower court, which, he asserted, he had demanded when the de-

fendant was arraigned, and asked that the record show the fact. He asked for no continuance of the matter, and made no objection to proceeding with the trial. There is nothing in the record to show, and appellant does not now assert, that she suffered any prejudice by reason of the alleged failure to receive the transcript. During the trial such a transcript was present, and was used by counsel for the appellant with apparent familiarity.

[3] At the inception of the trial upon the call of the roll of the regular jury panel some of the jurors did not answer to their names. The appellant objected to proceeding unless the court should compel the missing talesmen to be brought into court. The court overruled the objection and directed the clerk to proceed with impaneling the jury, in the process of which the defendant exhausted all of her peremptory challenges. She now contends that she was deprived of the right to have all of the jurors upon the panel present in court. We do not think there is any merit in this contention, for the defendant is only entitled to a fair and impartial jury, not a jury composed of any particular individuals. (*People* v. *Durrant*, 116 Cal. 179, 199, [48 Pac. 75]; *People* v. *Schafer*, 161 Cal. 573, 577, [119 Pac. 920]; *People* v. *Kromphold*, 172 Cal. 512, 520, [157 Pac. 599].) It is not shown in the record, nor suggested by appellant in her briefs, that any objectionable juror was forced upon her after she had exhausted her peremptory challenges.

[4] There is nothing in the contention of the appellant that the verdict rendered is at variance with the allegations of the information, which charges the defendant with violating the provisions of section 17 of the Medical Practice Act of the state of California, setting out the facts. The verdict follows the charging part of the information, which is sufficient. The proof that the defendant held herself out as a practitioner, that she examined patients, and prescribed for their ailments, is in accord with the allegations of the facts alleged in the information on which the charge of violation of the section of the medical practice act is predicated.

[5] The court instructed the jury that it should not disregard the testimony of hired detectives, or state agents, who testified in the case, solely and only for the reason that

they had been thus employed, but should give their testimony the same consideration as any other testimony in the case, giving it such weight as, considering its nature, the opportunity for knowing the facts to which the witnesses testified, their appearance and demeanor upon the witness-stand, and all other elements which might go to their credibility, including their interest and bias, under the circumstances, the same in their judgment was entitled to receive. The giving of this instruction was not reversible error, although it rarely happens that a trial judge is warranted in charging the jury respecting the credibility of any witness, or particular class of witnesses, or the manner in which their testimony should be received. It were far better to charge the jurors generally concerning such matters and let the subject rest there. Instructions which single out the testimony of a particular witness for comment, and instructions bearing on the weight to be attached to a particular piece of evidence, should not be given. (*People* v. *Converse,* 28 Cal. App. 687, 689, [153 Pac. 734].)

[6] The defendant took the stand in her own behalf. The court instructed the jury as follows: "You are instructed that while the defendant in a criminal action is not required to take the stand and testify, yet if she does so, her credibility and the value and effect of her evidence are to be weighed and determined by the same rules as the credibility and effect and value of the evidence of any other witness is determined. If a defendant elects to take the stand and testify in her own behalf, her testimony is to be weighed in the same manner and measured according to the same standard as the testimony of any other witness, and the tests for determining credibility of witnesses as given you in another part of the instructions are to be applied to her testimony alike with that of all other witnesses. *No greater presumption attaches in favor of her testimony than attaches in favor of that of any other witness.*" Appellant complains of the instruction, particularly that portion which is italicized. It has been repeatedly pointed out that it is bad practice for the trial judge to single out the testimony of any witness, especially if the witness be the defendant, and instruct with particular reference to his testimony. While an instruction

as to the defendant's testimony, which is not a departure from instructions that have been allowed to pass by the supreme court, does not furnish sufficient ground for reversal, attention has been repeatedly called to the criticism of similar instructions in the more recently decided cases (*People* v. *Anderson*, 105 Cal. 32, 35, [38 Pac. 513]), and it has been emphatically held that justice would be more surely accomplished if no such instructions were given and the credibility of the defendant were left entirely to the jury. (*People* v. *Boren*, 139 Cal. 210, 215, [72 Pac. 899]; *People* v. *Van Ewan*, 111 Cal. 144, 153, [43 Pac. 520].) As was said in both of those cases, it is difficult to logically attribute the giving of any instruction whatever on the subject of a defendant's testimony to anything else than a purpose to expressly disparage the witness before the jury.

[7] At the conclusion of the argument of Mr. Lawlor, counsel for the defendant, the court asked what he meant by certain remarks addressed to the jury. Thereupon there ensued a colloquy between the court and counsel, which ended by the counsel being adjudged in contempt of court, and fined fifty dollars, with an alternative of spending two days in jail. Appellant took an exception to the action of the court, and now assigns the episode as prejudicial misconduct of the trial judge, entitling her to a reversal of the judgment. We are very candidly of the opinion that the trial court was guilty of a most serious invasion of the rights of the defendant when it entered into the discussion with counsel before the jurors as to the import and effect of the latter's argument. But, with apparent realization of its own error, the court instructed the jurors that the conversation which occurred between the attorney for the defendant and the court was not to be considered by them as bearing in any way upon the case, and that they were to entirely disabuse their minds of everything that occurred relative to the issue that had arisen between the court and counsel, and decide the matter as indicated in the instructions, on the evidence presented to them. While the episode is regrettable, and should not have occurred, we must deem its effect to have been cured by the action of the trial court in admonishing the jurors to clear their minds of any impression it might have left.

(*People* v. *Ruef,* 14 Cal. App. 576, 600, [114 Pac. 48];
*People* v. *Overacker,* 15 Cal. App. 620, 628, [115 Pac.
756].)

From our examination of the entire cause, including the
evidence which so clearly establishes the guilt of the appel-
lant of the offense with which she was charged, we are of
the opinion that none of the errors complained of resulted
in a miscarriage of justice in the case.

The judgment is affirmed.

Richards, J., and Kerrigan, J., concurred.

A petition for a rehearing of this cause was denied by
the district court of appeal on October 6, 1921, and a peti-
tion to have the cause heard in the supreme court, after
judgment in the district court of appeal, was denied by the
supreme court on November 3, 1921.

Angellotti, C. J., Lawlor, J., Wilbur, J., and Sloane, J.,
concurred.