[Crim. No. 850. Second Appellate District, Division One.—April 3, 1922.]

THE PEOPLE, Respondent, v. QUON FOO et al., Appellants.

[1] CRIMINAL LAW—MURDER—CONFLICTING TESTIMONY—WEIGHT AND CREDIBILITY.—In a prosecution for murder, the fact that some of the witnesses for the people had been witnesses at the coroner's inquest and at the preliminary examination, and had there given testimony conflicting with their testimony at the later trial, may affect their credibility, but it will not affect the right of the jury to believe their testimony at the trial.

[2] ID. — ACCUSATION OF CHINAMAN AT TIME OF ARREST — REPLY AS EVIDENCE—UNDERSTANDING OF WITNESS.—In a prosecution of a Chinaman for murder, it is not error to overrule the objections of the defendant to the testimony of a witness for the prosecution who stated that at the time he arrested the defendant another Chinaman said to him, in the presence of the defendant, "That was the man," and that in reply the defendant cursed back at him in Chinese, using certain words the meaning of which in

English was stated by the witness, who testified that he knew the meaning of those Chinese words.

[3] ID.—Power of Pistol to Eject Shells—Experimental Evidence —Lack of Foundation.—In a prosecution for murder, it is error to permit a wtiness for the prosecution to testify, over defendant's objection, to certain experiments made by him with a certain caliber and make of automatic pistol for the purpose of showing how far a shell would be thrown from the pistol at certain different distances from the ground when the shell was ejected, in the absence of a showing that the ammunition used in the experiments was the same as that used in the killing of the deceased.

[4] ID.— Caliber of Bullet Used — Right of Autopsy Surgeon to Testify.—In a prosecution for murder, it is not error to permit a doctor who, in the course of his practice as an autopsy surgeon, had examined about fifty cases of gunshot wounds, to testify that the bullet that killed the deceased was a 32-caliber, high-powered cartridge.

[5] ID.—Individual Opinion of Jurors—Instructions.—Where the instructions given to the jury correctly and sufficiently advise it that a verdict of guilty must be found solely on the evidence and the law as declared by the court, no error will be held to have been committed by the refusal of the court to give the additional advice that the defendant is entitled to the opinion of every member of the jury and that a juror should not vote for a conviction because of the opinion of the other jurors.

[6] ID.—Defendants as Witnesses—Credibility of Testimony—Instructions.—The jury having been instructed correctly upon the rules which should be followed in determining the credibility of witnesses, it was not necessary to state a particular rule concerning certain particular witnesses because they happened to be the defendants.

[7] ID. — Inability of Jurors to Agree — Remarks by Court — Importance of Verdict—Lack of Misconduct.—Where, after the case had been submitted to the jury, and after they had been deliberating for some time, the jurors returned to the courtroom and informed the court that they were not able to agree, it was not error for the court to call their attention to the number of days the case had taken to try, the expense incident thereto, and the great advisibility of their coming to some conclusion and rendering their verdict, and then to instruct them to retire to their room for further deliberation, with the result that some time later the verdict of guilty was rendered.

[8] ID. — Misconduct of District Attorney — Instructions to Disregard Statements—Lack of Prejudice.—In this prosecution for murder, there not having been any persistent or intentional effort on the part of the district attorney to disregard the rights of the

defendants, and the court, upon counsel's assignment of the state-
ments of the district attorney as misconduct, having instructed
the jury to disregard such statements, it did not appear that
defendants were prejudiced thereby.

APPEAL from a judgment of the Superior Court of
San Diego County and from an order denying a new trial.
W. P. Cary, Judge. Affirmed.

The facts are stated in the opinion of the court.

Paul W. Schenck, James E. Wadham and Richard Kit-
trelle for Appellants.

U. S. Webb, Attorney-General, and Arthur Keetch,
Deputy Attorney-General, for Respondent.

CONREY, P. J.—The defendants were convicted of mur-
der in the first degree and sentenced to imprisonment for
life. They appeal from the judgment and from the order
denying their motion for a new trial.

The evidence is amply sufficient to sustain the verdict of
the jury. It is not necessary to state the testimony.
[1] The fact that some of the witnesses for the people
had been witnesses at the coroner's inquest and at the pre-
liminary examination, and had there given testimony con-
flicting with their testimony at the later trial, might have
affected their credibility but did not affect the right of the
jury to believe their testimony at this trial. Upon that
testimony, and the testimony of other witnesses, facts were
established which point very strongly to the guilt of the
defendants.

It is claimed that sundry errors were committed in the
rulings of the court upon the admission of evidence. Very
little argument has been presented and no authorities have
been cited in support of these points. [2] The court
did not err in overruling objections to the testimony of the
witness Chadwick, who stated that at the time he arrested
the defendant Wong Loy, another Chinaman said to the
witness, in the presence of the defendant, Wong Loy,
"That was the man," and that in reply Wong Loy cursed
back at him in Chinese, using certain words the meaning
of which in English was stated by the witness, who testi-

fied that he knew the meaning of those Chinese words. [3] The witness Chadwick was permitted to testify to certain experiments made by him with a 32-caliber Savage automatic pistol for the purpose of showing how far a shell will be thrown from the pistol at certain different distances from the ground when the shell is ejected. Objections were made, one in particular being that there was no showing that the ammunition was the same as that used in the killing of the deceased, Quon You. The apparent purpose of the questions was to show that certain empty shells afterward found in the room where the killing occurred were about in the location where they would have been if they were the shells from which the bullets which killed the deceased were fired. So far as we have been able to discover, the record does not show whether the shells found in the store were of the particular kind used in the experiments of the witness. It was stated, and is not denied, that the distance to which ejected shells would be thrown varies with different kinds of ammunition. We think that the objection to this testimony should have been sustained. [4] The court did not err in permitting Dr. John J. Shea to testify that the bullet that killed Quon You was a 32-caliber, high-powered cartridge. The witness, in the course of his practice as an autopsy surgeon, had examined about fifty cases of gunshot wounds. We think that he was qualified to express an opinion upon the question stated. The remaining exceptions to the court's rulings with relation to evidence offered are merely stated, without argument, and we have discovered no merit in these exceptions.

On behalf of appellants, it is contended that the court erred in refusing certain instructions requested by appellants and which are set out in their brief. The court did not err in refusing to give the offered instruction stating the duty of each individual juror, if he entertained a reasonable doubt of the guilt of the defendant, not to vote for a verdict of guilty for the single reason that the other jurors were in favor of a verdict of guilty. [5] Where the instructions given to a jury correctly and sufficiently advise it that a verdict of guilty must be found solely on the evidence and the law as declared by the court, no error will be held to have been committed by the refusal

to give the additional advice that the defendant is entitled to the opinion of every member of the jury and that a juror should not vote for a conviction because of the opinion of the other jurors. (*People* v. *Perry,* 144 Cal. 748, 754 [78 Pac. 284]; *People* v. *Plumeyer,* 54 Cal. App. 786 [202 Pac. 888, 890].) The court did not err in refusing to give the requested instruction separately stating the rule to be followed in weighing the testimony of defendants. [6] The jury having been instructed correctly upon the rules which should be followed in determining the credibility of witnesses, it was not necessary to state a particular rule concerning these witnesses because they happen to be the defendants. It has been held that justice would be more surely accomplished if such instructions, directed particularly to the testimony of a defendant, were not given. (*People* v. *Boren,* 139 Cal. 210, 215 [72 Pac. 899]; *People* v. *Fritz,* 54 Cal. App. 137 [201 Pac. 348, 350].) Concerning the other instructions requested by defendants and refused by the court, a sufficient answer to the exceptions is that the subject matter of those instructions was correctly covered by other instructions given by the court to the jury. While the language differs in some particulars, the defendants were not deprived of any substantial right in relation to the instructions requested.

[7] After the case had been submitted to the jury, and after they had been deliberating for some time, they returned to the courtroom and informed the court that they were not able to agree. The court replied: "It is of course your exclusive province to judge of the facts in this case, but I wish to impress upon you the great advisability of coming to some conclusion and rendering your verdict. As you doubtless know, this case has taken a number of days to try, and of course the expense incident to the trial is no small sum, and I sincerely trust that with further consideration of this case you will be able to agree upon some form of verdict. You will retire to your room for further deliberation." Some time later the verdict was returned. There was no error in the conduct of the court relating to this matter. (*People* v. *Miles,* 143 Cal. 636, 638 [77 Pac. 666]; *People* v. *Cherry,* 30 Cal App. 285, 287 [158 Pac. 335]; *People* v. *Bruno,* 49 Cal. App. 372 [193 Pac. 511, 514].)

[8]   There are three instances of alleged misconduct of the district attorney, in each of which the acts complained of were assigned as misconduct. Likewise, in each instance, the court instructed the jury to disregard the statements made by the district attorney. The first statement was of trifling importance and probably was inadvertently made. The second statement was made in the course of the district attorney's argument to the jury and was concerned with the purpose for which a policeman had searched the premises of one of the defendants. The statement was assigned as misconduct on the ground that the evidence offered concerning the reason for that search had been ruled out, and that this was an attempt to prejudice the minds of the jury upon an immaterial matter; to which the district attorney replied, "I do not so remember it; if it is so you need not pay any attention to it." Thereupon the court instructed the jury to disregard any reference to the reasons for the policeman searching the premises, and the district attorney withdrew the statement. The third instance was in the district attorney's argument in reply to that of counsel for the defendants. The district attorney said: "But they tell you another reason and that is because there is no evidence of a quarrel. Quarrels have nothing to do with the case. Tongs, if I understand them right, and we have had some expert testimony from my friend who just addressed you on the Tong proposition, that if they go out to kill it makes no difference who it is, they will get a human life in return for some fancied crime or some fancied offense." Counsel for defendants assigned the making of that statement as misconduct. The court instructed the jury that there was no testimony before them with reference to any practice of any Tongs and that they should therefore entirely disregard said statement by the district attorney. Assuming, as we fairly may, that these were the only instances in which the district attorney stepped beyond the bounds of propriety in the course of the trial, it does not appear that there was any persistent or intentional effort on his part to disregard the rights of the defendants. Conceding that these particular assignments of misconduct should be sustained, and taking into consideration the

instructions to the jury concerning them, we think that the defendants were not prejudiced thereby.

The one instance of error in the rulings of the court, to which we have referred, is not of such character in relation to the entire case that it would justify a reversal of the judgment. The defendants had the benefit of a fair trial. After an examination of the entire cause, including the evidence, we are of the opinion that the record shows no error whereby a miscarriage of justice has occurred.

The judgment and order are affirmed.

Shaw, J., and James, J., concurred.