[Crim. No. 2693. In Bank.—October 21, 1924.]

## THE PEOPLE, Respondent, v. LONGINO REYES, Appellant.

[1] CRIMINAL LAW—LEWD AND LASCIVIOUS ACT—COMPETENCY OF WITNESS—DISCRETION.—The question of the qualifications of a child as a witness within the meaning of section 1880, subdivision 2, of the Code of Civil Procedure is peculiarly committed to the discretion of the trial judge, and in this prosecution for the commission of a lewd and lascivious act upon a child it is held that the trial court's ruling as to the competency of the child to testify was well within the limits of judicial discretion.

[2] ID.—EVIDENCE—MARITAL TROUBLES OF DEFENDANT—ADMISSIBILITY OF.—In such a case, evidence from the defendant as to marital troubles between himself and his wife is inadmissible in itself, and in the absence of a showing that counsel for the defendant claimed in the trial court that the charge against the defendant originated with the wife because of her hostility, complaint of the exclusion of the evidence will not be heard on appeal.

[3] ID.—SUFFICIENCY OF EVIDENCE.—In this prosecution for the commission of a lewd and lascivious act upon a child it is held that the evidence was sufficient to sustain the charge independent of evidence obtained by leading questions asked the complaining witness.

(1) 40 **Cyc.**, p. 2243.   (2) 16 **C. J.**, p. 851, sec. 2151.   (3) 36 **C. J.**, p. 1043, sec. 24.

APPEAL from a judgment of the Superior Court of Alameda County. Lincoln S. Church, Judge. Affirmed.

The facts are stated in the opinion of the court.

J. J. Rose, Jr., and Reuben J. Liebman for Appellant.

U. S. Webb, Attorney-General, and Wm. F. Cleary, Deputy Attorney-General, for Respondent.

1. Competency of children as witnesses, notes, 124 **Am. St. Rep.** 295; 14 **Ann. Cas.** 3; Ann. Cas. 1916C, 424; 19 **L. R. A.** 607. See, also, 28 **R. C. L.** 463.

3. Permitting leading questions as matter within discretion of trial court, note, 17 **Ann. Cas.** 840. See, also, 28 **R. C. L.** 590.

LENNON, J.—The defendant in this case was charged with and convicted of the crime of committing a lewd and a lascivious act upon and with the body of a child under the age of fourteen years as defined in section 288 of the Penal Code. The complaining witness, who at the time of the act alleged to have been committed by the defendant, was a child of the age of six years, is a sister of the defendant's wife and was at the time of the alleged commission of the act living at the home of the defendant and his wife. At the time of the trial of the case the child was seven years of age and after a *voir dire* examination by the trial judge was sworn and was permitted to testify against the defendant. She did not speak the English language and her testimony was solicited and received through the medium of an interpreter of the Spanish language. Before being sworn and examined as a witness for the prosecution she was extensively interrogated both by counsel and by the court concerning her qualifications as a witness. She stated among other things that she had been taught to tell the truth and that she would tell the truth when testifying. Although she did not know many things which one would expect a normal American child of her age to know, yet she demonstrated to the satisfaction of the trial judge that she was capable of receiving just impressions of facts and of truthfully relating them. [1] Upon the conclusion of her examination on her *voir dire* the trial judge announced that the child appeared to him to be capable of receiving just impressions of the facts respecting which she was about to be examined and relating them truly. Counsel for the defendant, although afforded ample opportunity by the court, refused to further interrogate the witness upon the question of her competency. She was thereupon permitted by the trial court to be sworn and examined. The decision upon the question of the child's qualifications as a witness within the meaning of section 1880, subdivision 2, of the Code of Civil Procedure is peculiarly committed to the discretion of the trial judge and in the instant case we are satisfied that the trial court's ruling was well within the limits of judicial discretion. (*People* v. *Craig,* 111 Cal. 460, 469 [44 Pac. 186]; *People* v. *Baldwin,* 117 Cal. 244, 250 [49 Pac. 186]; *People* v. *Swist,* 136 Cal. 520, 522 [69 Pac.

223] ; *People* v. *Gregory,* 8 Cal. App. 738, 744 [97 Pac. 912] ; *People* v. *Harden,* 24 Cal. App. 522, 523 [141 Pac. 1075].)

[2] There is no merit in the contention that the trial court erred in its rulings sustaining certain objections interposed by the district attorney to certain questions propounded by counsel for the defendant on the direct examination of the defendant relative to the marital troubles of the defendant and his wife and the divorce proceedings instituted by her. *Prima facie* the questions objected to called for evidence immaterial and irrelevant to the issue involved in the case. Standing alone, the testimony sought to be elicited by the questions was rightfully objected to by the district attorney and rightfully rejected by the trial court. Counsel for the defendant did not attempt to explain the purpose of the questions nor offer to show wherein the answers sought to be elicited would in any way relate to the issue of the defendant's guilt or innocence. If, as counsel for the defendant seems to intimate, the purpose of these questions was purely preliminary to a further showing that the defendant and his wife were hostile to one another and that the charge against the defendant originated with the wife because of her hostility, he should have made a statement to that effect to the trial court. In the absence of such a showing he will not now be heard to complain. (*People* v. *Brent,* 11 Cal. App. 674, 676 [106 Pac. 110].)

[3] The contention is made by the defendant that the evidence was insufficient to support the verdict in that all of the essential facts of the case upon which the prosecution relied for a conviction were elicited from the complaining witness by leading questions. The record does not sustain this contention. Several leading questions, it is true, which in a measure bore upon material facts in the case, were propounded to the witness which were answered by yes or no. But later on during the course of her examination by the district attorney she, in response to questions which were not leading nor suggestive, entered into the details of the defendant's conduct with her in a straightforward and convincing manner. The answers to these questions, aside from any evidence which may have been elicited by the leading questions which were propounded, suffice to support

the verdict and the judgment. We do not deem it necessary nor desirable to narrate here the child's story in detail.

The judgment is affirmed.

Lawlor, J., Waste, J., Seawell, J., Shenk, J., and Richards, J., concurred.