### BROOKS et al. v. UNITED STATES.

(Circuit Court of Appeals, Ninth Circuit. October 26, 1925.)

No. 4571.

1. **Indictment and information ⊜196(4)—Objection to information, because not properly signed, held waived, when not made until after verdict.**

Objection to information, because not subscribed or signed by United States attorney or his assistant, must be made by motion to quash, or demurrer, and is waived, when not made until after verdict.

2. **Criminal law ⊜395—That constitutional rights of codefendant, who is not complaining, were violated in procuring evidence, not valid objection to its admission.**

That constitutional rights of codefendant, who is not complaining, were violated by alleged unlawful search and seizure of liquor in his possession, is not valid objection to admission of such liquor in evidence.

3. **Criminal law ⊜422(9)—Evidence of conversation had with one of three defendants held admissible.**

In prosecution of three defendants for violation of National Prohibition Act (Comp. St. Ann. Supp. 1923, § 10138¼ et seq.), evidence of conversation had by prohibition agent with one defendant *held* admissible; others being entitled, if requested, to instruction limiting its use.

**4. Criminal law ☞1044 — Question of sufficiency of evidence, not raised in lower court, not reviewable, except as necessary to prevent miscarriage of justice.**

Question of sufficiency of evidence to sustain conviction, not raised in lower court by request for directed verdict, will not be considered by appellate court, except as necessary to prevent miscarriage of justice.

**5. Criminal law ☞730(10) — Argument of counsel as to defendant's failure to testify held not prejudicial.**

Prosecuting attorney's comment, during argument, that one defendant had not been called, but that jury had heard what another defendant had to say, immediately followed by instruction that failure of particular defendant to testify was not to be considered against him, *held* not prejudicial.

In Error to the District Court of the United States for the Northern Division of the Northern District of California; John S. Partridge, Judge.

J. C. Brooks and others were convicted of violating National Prohibition Act, and defendants Brooks and Webb bring error. Affirmed.

Clifford A. Russell and Donald McKisick, both of Sacramento, Cal., for plaintiffs in error.

George J. Hatfield, U. S. Atty., and T. J. Sheridan, Asst. U. S. Atty., both of San Francisco, Cal.

Before HUNT, RUDKIN, and McCAMANT, Circuit Judges.

RUDKIN, Circuit Judge. The information in this case is a complex mass, slovenly thrown together. It contains the three counts commonly found in informations filed under the National Prohibition Act (Comp. St. Ann. Supp. 1923, § 10138¼ et seq.); the first count charging the maintenance of a common nuisance at a stated time and place, the second count charging the unlawful possession of intoxicating liquor at the same time and place, and the third count charging the unlawful sale of intoxicating liquor at or about the same time and place. Immediately following the third count of the information is a blank form of affidavit, naming no deponent, but apparently signed by the United States attorney and his assistant. It is quite manifest that the United States attorney and his assistant did not intend to sign this blank form of affidavit, but it nevertheless so appears in the transcript on file. Four defendants were named in the information, but upon the trial a verdict was returned as to three only. One Larke, a defendant, was found guilty as to the possession count, the defendant Webb was found guilty as to the sales count, and the defendant Brooks was found guilty as to all three counts. The latter two have sued out a writ of error to review the judgment of conviction as to them.

[1] The first assignment of error questions the sufficiency of the information, because not subscribed or signed by the United States attorney or his assistant. "It is generally essential to the validity of an information that it shall be signed by the proper prosecuting attorney after the facts constituting the offense have been alleged therein." 31 C. J. 643. But this requirement is waived, unless objection is taken by motion to quash, or demurrer. Id. 873; Brown v. State, 9 Okl. Cr. 382, 132 P. 359; Simpson v. State, 16 Okl. Cr. 533, 185 P. 116; People v. Fritz, 54 Cal. App. 137, 201 P. 348; Roman v. State, 23 Ariz. 67, 201 P. 551. Here the objection was first raised after verdict, and came too late. Other objections to the information are without merit.

Testimony was offered tending to show that one of the prohibition agents purchased intoxicating liquor from the plaintiff in error Webb at the place in question on September 17, 1924. About a week later the agents returned, armed with a search warrant, and searched the premises for contraband liquor. While engaged in the search, the defendant Larke was seen back of the premises, near a garage, with two suit cases in his possession. Larke was apprehended, and upon examination the suit cases were found to contain intoxicating liquor. Before the trial he interposed a motion for the return of the liquor thus seized, upon the ground that the search and seizure were unlawful. This motion was denied, and the intoxicating liquor was admitted in evidence. The admission of this testimony is now assigned as error by Webb and Brooks.

[2] For the purposes of this case we might well concede that the search and seizure were unlawful, because Larke is not complaining, and it is not open to others to say that his constitutional rights were invaded. Remus v. United States (C. C. A.) 291 F. 501, 511, and cases cited. We need not inquire, therefore, whether at the time of the arrest the officers had reasonable cause to believe that a crime was being committed in their immediate presence. For the like reason there was no error in refusing to strike this testimony from the record after its admission.

[3] At the time of the purchase on September 17, the agent had some general con-

versation with the plaintiff in error Webb in regard to intoxicating liquor. The admission of this testimony was objected to on behalf of the plaintiff in error Brooks and the defendant Larke. The testimony was clearly competent as against the plaintiff in error Webb. The utmost that the plaintiff in error Brooks was entitled to was to have its consideration limited to the plaintiff in error Webb, either at the time of its admission or in the general charge of the court, and no such request was made.

[4] The sufficiency of the testimony to support the conviction as to the plaintiff in error Brooks is the next error assigned. This objection was not raised in the court below by a request for a directed verdict, and is not open to consideration now, except in so far as the court may consider it to prevent a miscarriage of justice. We have examined the record for that purpose, and find no cause for interference.

[5] In the course of his argument to the jury the assistant United States attorney said: "Mr. Brooks was not called, but you heard from Mr. Webb here what he had to say." This statement was objected to, and the court immediately charged the jury that the failure of Brooks to testify was not in any way to be considered against him; that that was his privilege. This brief reference to the failure of the defendant to testify, followed immediately by an admonition from the court, cannot be said to be prejudicial error.

The judgment of the court below is affirmed.