[Crim. No. 1374.   Second Appellate District, Division One.—July 26, 1926.]

# THE PEOPLE, Respondent, v. JOHNIE L. HEATH, Appellant.

[1] Criminal Law — Violation of Section 288, Penal Code — Lewd Conduct — Reputation — Evidence — Cross-examination. — In a prosecution under section 288 of the Penal Code for the commission of lewd and lascivious acts upon the persons of two female children under the age of fourteen years, evidence tending to show lewd conduct of defendant with girls other than those involved in the charges on trial is admissible when elicited on the cross-examination of a witness, who testified to the good reputation of defendant for morality and chastity.

[2] Id.—Reputation—Qualifications of Character Witness—Cross-examination.—In such prosecution, although questions asked by the district attorney of a character witness for defendant, as to whether she had heard of defendant's lewd conduct with other girls than those involved in the charges on trial, were not technically admissible as a part of the preliminary examination of such witness on her qualifications as a witness, because slightly premature, they were admissible as cross-examination directed to the witness' testimony that the reputation of defendant was good, and the error was not in fact prejudicial to the rights of defendant.

[3] Id.—Evidence—Marital Troubles of Defendant—Conspiracy—Admissibility.—In such prosecution, the trial court properly excluded defendant's testimony that the complaint against him was filed at his wife's instigation between certain dates, pursuant to a conspiracy to discredit him in a pending divorce action, wherein each was seeking custody of their minor child, where the person who filed the complaint had testified that he complained to the authorities before the first of such dates, and was not shown to have had any acquaintance or communication with defendant's wife.

[4] Id.—Instructions—Presumption of Innocence.—In such prosecution, defendant was not prejudiced by the refusal of the trial court to instruct the jury that it was their duty to reconcile all circumstances shown with defendant's innocence, where the jury were instructed that the presumption of innocence related to all the evidence introduced during the trial.

---

1.  See 27 Cal. Jur. 148.
4.  See 8 Cal. Jur. 342.

[5] ID. — INDIVIDUAL OPINIONS OF JURORS — INSTRUCTIONS. — In such prosecution, error may not be predicated upon the refusal of the trial court to instruct the jury that defendant is entitled to the individual opinion of each member of the jury, and that no member of the jury should vote for conviction because of the opinion of other members of the jury, as long as he has a reasonable doubt as to the guilt of defendant, where the instructions given to the jury correctly and sufficiently advised the jury that a verdict must be found solely on the evidence and the law as declared by the court.

[6] ID. — DEFENDANT AS WITNESS — CREDIBILITY OF TESTIMONY — INSTRUCTIONS.—In such prosecution, the trial court did not err in refusing to instruct the jury, at defendant's request, that where the defendant is a witness in his own behalf, his testimony is entitled to full and fair consideration by the jury, the same as that of any other witness, where the jury was instructed correctly upon the rules to be followed in determining the credibility of witnesses.

(1) 40 Cyc., p. 2497, n. 52.   (2) 17 C. J., p. 314, n. 69.   (3) 31 C. J., p. 999, n. 83.   (4) 16 C. J., p. 984, n. 41, p. 1063, n. 85. (5) 16 C. J., p. 1028, n. 46.   (6) 16 C. J., p. 1019, n. 24.

APPEAL from a judgment of the Superior Court of Los Angeles County. Carlos S. Hardy, Judge. Affirmed.

The facts are stated in the opinion of the court.

M. J. Gordon and M. M. Gordon for Appellant.

U. S. Webb, Attorney-General, John L. Flynn, Deputy Attorney-General, and Lionel Beale Browne for Respondent.

CONREY, P. J.—The information is in two counts, each of which charges the commission of a described lewd and lascivious act upon and with the body of a female child under the age of fourteen years. The first child will be herein designated as Gertrude and the second as Martha. A third count relating to still another child was "ordered off calendar" at the beginning of the trial.

5.  See 8 Cal. Jur. 374.
6.  See 8 Cal. Jur. 356.

Appellant's first point is: "That the attitude of the
prosecuting attorney was error in bringing before the jury
imaginary offenses claimed to have been committed upon
other girls. This he did after gaining permission of the
court to examine witnesses upon the *voir dire*." The four
witnesses to whom appellant refers in his argument on
this point were all witnesses who, in behalf of defendant,
had testified that they knew the general reputation of the
defendant in the community of his residence for morality
and chastity. The manner in which the subsequent exami-
nation by the district attorney was conducted may be
illustrated by the record concerning the testimony of Mrs.
Knowlton. After she had stated that she knew defend-
ant's reputation in said community for morality and chas-
tity, the defendant's attorney inquired: "Is it good or
bad?" To which the witness answered, "Good." On re-
quest of the district attorney this answer was stricken out
in order that he might "ask her on *voir dire*," which we
interpret to mean that he desired to test the qualifications
of the witness to answer the principal question. After the
witness, in answer to the district attorney's questions, had
stated that she had discussed the defendant's general reputa-
tion in the community as to his morals, and had discussed
that reputation with certain named persons, the district at-
torney apparently ignored the fact that the answer to the
principal question had been stricken out, and examined the
witness on the assumption that said answer remained in the
record. Thus, referring to a conversation of the witness
with one Mrs. Knopp: "Q. About him generally with other
children there in that community? Didn't she mention
other cases besides Maxine's case?" (Maxine was the girl
named in count three of the information, which count was
not then on trial.) "A. I do not remember whether she did
or not. Defendant's attorney: I object to that in the pres-
ence of the jury as improper. The Court: Overruled. A.
I don't remember of her mentioning the others that day.
Q. You have heard quite a number of instances, haven't
you? A. Well, since the trial came around. Q. Involving
the defendant with little children in that community? A.
Since he was arrested. Q. Since he was arrested, yes. You
have considered all these matters in connection with your
testimony here as to his general reputation, have you? You

have not taken this into consideration at all? A. Not his reputation. I put it down at that time as hearsay. Q. Now, his general reputation, as to what it is in the community at the present time, is that your testimony now, that it is good, after having talked with these people at that time? A. No, sir; I am giving you my opinion of what his reputation was when I lived there. Defendant's attorney: Is it good or bad? A. His reputation is good. This other is hearsay."

[1] In claiming error appellant relies upon authorities to the effect that upon the trial of this kind of an action evidence tending to show lewd conduct of the defendant with girls, other than those involved in the charges then on trial, is not admissible. In *People* v. *Wyett*, 49 Cal. App. 289, 292 [193 Pac. 153], the rule is stated and other decisions to like effect are cited. But in this declaration of the rule or principle there is nothing inconsistent with the right of the district attorney to bring out facts of this character when they are appropriate to cross-examination of a defendant's witness who has testified to the good reputation of the defendant for morality and chastity. [2] Technically the questions asked by the district attorney, and to which the objection is made, were not admissible as part of the preliminary examination on the qualifications of the witness. But, although slightly premature, they were admissible as cross-examination directed to the witness' testimony that such reputation of the defendant was good. Therefore, we are of the opinion that the error was in fact not prejudicial to the rights of the defendant.

During the direct examination of the defendant, as a witness in his own behalf, he testified that at the time of his arrest he was living separately from his wife, and that on the 27th of October, 1925, his wife filed against him an action for divorce and for custody of their minor child. (The information herein was filed on December 24, 1925, the complaint before the magistrate had been filed November 23, 1925, and the dates of the alleged offenses were June 21, 1925, and April 1, 1925, respectively.) It was suggested by counsel for defendant that he desired to make a statement by way of explanation of further intended questions. The trial before the jury was then suspended for a few

minutes while this statement was made and discussed before the judge in chambers. The defendant, court reporter, and clerk were present with the judge in chambers. In presenting his statement to the judge, counsel for defendant said that he was offering to show by the witness that a conspiracy existed and was entered into by defendant's wife "and others" to involve him in a criminal action for the purpose of discrediting him in the divorce action, wherein each was seeking custody of their minor child. Counsel stated in detail the status of the divorce action and of the issues concerning the custody of said child as existing on certain dates in November, 1925, and included in his statement of his offer of proof, that he would show that the complaint in this action was filed at the instigation of the defendant's wife. The judge announced as his conclusion that there was nothing relevant to the present case in any of the offered evidence. Accordingly the said offer was not urged any further when the trial was resumed in the presence of the jury.

Counsel for defendant at that time relied, as he now relies, on the decision in *People* v. *Reyes,* 194 Cal. 652 [229 Pac. 947], as authority for his claim that said offered evidence of conspiracy should have been admitted. In *People* v. *Reyes* the crime charged was of the same description as in this action. The trial court sustained objections of the district attorney to questions propounded to the defendant relating to the marital troubles of the defendant and his wife, and divorce proceedings instituted by her. The supreme court said: "*Prima facie* the questions objected to called for evidence immaterial and irrelevant to the issue involved in the case. Standing alone, the testimony sought to be elicited by the questions was rightfully rejected by the trial court. Counsel for the defendant did not attempt to explain the purpose of the questions nor offer to show wherein the answers sought to be elicited would in any way relate to the issue of defendant's guilt or innocence. If, as counsel for the defendant seems to intimate, the purpose of these questions was purely preliminary to a further showing that the defendant and his wife, were hostile to one another and that the charge against the defendant originated with the wife because of her hostility, he should have made

a statement to that effect to the trial court. In the absence of such a showing he will not now be heard to complain."

[3] In the case at bar, while the defendant's counsel stated that he would show by the witness (the defendant) that between November 10, 1925 (when the matter of the custody of defendant's daughter was scheduled for hearing in the divorce action), and November 16, 1925 (the date to which that hearing had been continued), the complaint in this case was filed "at the instigation of the defendant's wife," yet from the record herein it appeared that said complaint was filed on November 23, 1925, by one Thomas Vick. Prior to the time when this offer was made, Thomas Vick had testified that he first made complaint to the authorities several months prior to November, about the alleged offense against the child Gertrude. On cross-examination he was asked whether or not defendant's wife ever talked to him about this matter, and he replied, "I don't know the woman." It will be noted that in the offer of proof, as made to the judge while in chambers, it was not claimed that the witness (defendant) could or would give any testimony showing any acquaintance or communication whatever between Vick and defendant's wife, or that he or any witness who had testified in behalf of the People, was one of the "others" with whom she conspired to bring this charge against the defendant. We are satisfied that in view of the record as made at and prior to the time when said offer of proof was presented, the conclusion announced by the judge was correct.

[4] No exception is taken to the instructions given by the court to the jury. Appellant contends, however, that the court erred in refusing to give several instructions requested by the defendant. Argument is presented in support of appellant's contention concerning three only of these requested instructions. Requested instruction number two, in relation to the presumption of innocence, particularly asked that the jury be instructed that it was their duty to "reconcile any and all circumstances that have been shown with the innocence of the defendant, if you can reasonably do so," etc. In this refusal there was no prejudicial error. In *People* v. *Patino*, 9 Cal. App. 192, 194 [98 Pac. 199], where it appeared that the jury had been instructed that the presumption of innocence related to all the evidence introduced

during the trial, this court said: "It cannot be said that defendant was prejudiced by the refusal of the trial court to add the further direction that the jury must, 'if possible, reconcile the evidence with the presumption of innocence.'"

[5] Requested instruction number nine is the instruction sometimes given to the effect that the defendant is entitled to the individual opinion of each member of the jury, and that no member of the jury should vote for the conviction of the defendant because of the opinion of other members of the jury, as long as he himself has a reasonable doubt as to the guilt of the defendant. But the refusal to give this instruction, when viewed in connection with the instructions actually given, was not error. "Where the instructions given to a jury correctly and sufficiently advise it that a verdict of guilty must be found solely on the evidence and the law as declared by the court, no error will be held to have been committed by the refusal to give the additional advice that the defendant is entitled to the opinion of every member of the jury and that a juror should not vote for a conviction because of the opinion of the other jurors." (*People* v. *Quon Foo,* 57 Cal. App. 237, 240 [206 Pac. 1028, 1030].) See cases there recited.

[6] Requested instruction number thirteen contains advice to the jury that where the defendant is a witness in his own behalf, his testimony is entitled to full and fair consideration by the jury, the same as that of any other witness. The refusal of this instruction was not error. "The jury having been instructed correctly upon the rules which should be followed in determining the credibility of witnesses, it was not necessary to state a particular rule concerning these witnesses because they happen to be the defendants. It has been held that justice would be more surely accomplished if such instructions, directed particularly to the testimony of a defendant, were not given. (*People* v. *Boren,* 139 Cal. 210, 215 [72 Pac. 899]; *People* v. *Fritz,* 54 Cal. App. 137 [201 Pac. 348, 350].)" (*People* v. *Quon Foo,* 57 Cal. App. 237, 241 [206 Pac. 1028, 1030].)

The judgment is affirmed.

Houser, J., and York, J., concurred.