[Civ. No. 5009. Second Appellate District, Division One.—January 18, 1928.]

COUNTY OF LOS ANGELES, Respondent, **v.** E. W. GRANNIS et al., Appellants.

Stanley Visel for Appellants.

Edward T. Bishop, County Counsel, and Arthur T. George and W. Sumner Holbrook, Jr., Deputies County Counsel, for Respondent.

HAHN, J., *pro tem.*—This is an appeal from a judgment entered in favor of the plaintiff and against the defendants in an action on a bail bond. The case comes here upon the judgment-roll alone.

It appears from the complaint that on August 20, 1923, the defendant H. S. Leonard, who was charged with the offense of forgery and in custody, appeared in the justice court of Los Angeles township for arraignment for the purpose of preliminary examination. At said time and place, the preliminary examination was set for August 29, 1923. On August 21, 1923, the justice of the peace before whom the arraignment was to take place fixed a bond for the defendant in the sum of $2,000, and that both of the defendants in this action executed said bond and qualified thereon as sureties. Upon the filing of the bond the defendant Leonard was released from custody. On August 29, 1923, the date upon which the preliminary examination was to take place, the court duly and regularly continued the hearing of the preliminary examination to September 4, 1923, at which time and place the preliminary examination was again "duly and regularly continued" until September 5, 1923. On September 5, 1923, when the case was called for preliminary examination, the said defendant did not appear and was not present to answer the charge pending against him and he did not render himself amenable to the orders and process of the court; that thereupon the court declared the bail forfeited and entered such order in the minutes of the court.

The answer does not deny the execution of the bond by the defendants, but does deny all of the other allegations of the complaint and in addition set forth, under what is designated as a separate and distinct defense, allegations that on August 29th, the defendant Leonard was in court, but that on September 4, 1923, to which date the preliminary examination was continued, the defendant Leonard was not personally present in court, but that notwithstanding his absence the court continued the hearing until 2 o'clock of the afternoon of that date, at which time the defendant again was absent, and the court continued the hearing until September 5th, at 2 o'clock P. M.; that on September 5th, the defendant, still not appearing, the bail was forfeited. The answer furthermore alleges that there was a stipulation whereby the forfeiture was stayed for some thirty days, but we do not consider this a matter of importance in the case.

The reasons for the reversal urged by appellants are based upon two grounds. First, that the justice court did not have the right or power to continue the hearing of the preliminary examination in a felony case without the presence of the defendant, and, second, that the trial court failed to find specifically upon certain material allegations set up in the defendant's answer.

We find no merit in either of the points urged. There is no allegation in the answer that any one of the continuances was made without the consent of the defendant or his counsel, nor is there anything in the findings to support such a conclusion. The findings in fact specifically declare that the postponement was duly and regularly made. Furthermore, it appears from the answer filed by the defendants, that on September 4th, when the case of *People* v. *Leonard* was called for preliminary examination in the justice court, the defendant was not present either in person or by counsel, and the continuance was had until the following day, presumably to give the defendant an opportunity to appear. The defendant Leonard failing to appear on September 5th, there was no error committed by the court in declaring a forfeiture of the bond. (*People* v. *Boren*, 139 Cal. 210 [72 Pac. 899].)

Appellant has cited no authority to support his contention, that under circumstances similar to those as they appear in the record in the instant case, it has been held that the court has lost jurisdiction of the case of the defendant.

As to appellants' contention that the court failed to make specific findings as to the denials in the answer and the affirmative matter set up in the answer, counsel for appellants do not point out any particular issue upon which the court has failed to find. Under the circumstances, we feel the matter does not merit any extended discussion in this opinion.

The judgment and order denying a motion for new trial are affirmed. It appearing to the court that this appeal, being devoid of any merit, was taken for the purposes of delay, it is further ordered that the appellants pay to respondent as damages the sum of one hundred dollars,

which amount shall be included in the costs to be allowed respondent on this appeal.

Houser, Acting P. J., and York, J., concurred.