EL PUEBLO DE PUERTO RICO, demandante y apelado, *v.* DOMINGO TORRES, acusado y apelante.

Núm. 9143.—*Sometido:* Abril 8, 1942. *Resuelto:* Abril 21, 1942.

*F. Pérez Regis, Juan Rodríguez de Jesús* y *Raúl Matos,* abogados del apelante; *Hon. Procurador General George A. Malcolm, R. A. Gómez, Fiscal del Tribunal Supremo* y *Luis Negrón Fernández, Fiscal Auxiliar,* abogados de El Pueblo, apelado.

EL JUEZ ASOCIADO SEÑOR DE JESÚS emitió la opinión del tribunal.

Después de haber deliberado por varias horas en este caso, el presidente del jurado, Sr. Agraít, notificó que el jurado deseaba pasar a la sala, desarrollándose entonces la siguiente escena:

"Que pase el Jurado.

(El jurado regresó a las diez y treinta y cinco minutos pasado meridiano.)

JUEZ:

El márshal me ha llamado por teléfono, porque así se lo indicó el Sr. Agraít. ¿Los señores del jurado han llegado a un acuerdo? ¿No necesitan una nueva instrucción?

PRESIDENTE DEL JURADO, Sr. Agraít:

Es temeridad de un jurado.

JUEZ: Ésta no es cuestión que deba haber temeridad. La corte no sabe los motivos ni quiere saber quién sea el de la temeridad. Es una cuestión la corte quisiera no hubiera nada de eso si es lo que evita que haya un veredicto. Es una cuestión, en primer lugar,

los Señores del Jurado desempeñan como jurados de acuerdo con la prueba y las instrucciones de la corte sin atender más ninguna cuestión en sí que el juramento definitivo que se hace al jurado. Es el juramento que hacen. Es claro que eso no se hace para un juego ni es una cosa vana, es un juramento formal. Cualquier jurado que falte al juramento está cometiendo un delito y la corte puede condenarlo por desacato. Se han dado estos casos en la Isla. Se ha dado esa triste situación.

La corte no quiere entrar en más detalles. Las cuestiones del jurado son secretas. No quiere saber ni le interesa saber quién es. Lo único que interesa es, que ésta es una función muy seria. Cuando los hombres se sientan ahí no son fulano y sutano, son un tribunal constituído igual a una asamblea legislativa o municipal o cualquier asociación colectiva y las personas están representando y representan el Distrito de Ponce. La administración de justicia es una cuestión seria. Ya deben saber y saben cuál es la misión del Jurado. No debe haber ni debe haberla nunca cuestiones; sería faltar a los deberes del Jurado. La corte no quiere ahora investigar ni saber nada. *Puede que después que se termine con el Jurado, que se disuelva, la corte por sus medios legales escudriñar o no este asunto, pero la corte cree que no tiene que hacer eso ni hacer ninguna investigación.*

SR. AGRAÍT: (Presidente del Jurado).

He llegado a esa conclusión. Hubo manifestaciones arriba. He llegado a esa conclusión. No puedo hacer manifestaciones que puedan perjudicar a nadie.

JUEZ: Es un secreto para el jurado.

SR. AGRAÍT: Hemos llegado a esa conclusión; sabemos no vamos a llegar a un veredicto.

JUEZ: Solamente he oído la palabra temeridad. Yo sé lo que significa. Muchas veces la temeridad no debe contar cuando se desempeñan funciones públicas. La temeridad debe existir entre persona y persona, entre individuos e individuos aisladamente como individuos, pero en colectividades de esta naturaleza, sobre todo en la naturaleza judicial, en el Jurado, no cabe temeridad. Cualquier temeridad debe ponerse a un lado. Los Señores del Jurado solamente deben considerar las cuestiones de hecho, la evidencia introducida y admitida y las instrucciones de la corte. Si alguno de los Señores del Jurado tiene una opinión distinta a los demás, debe exponer sus razones por dice tiene esa opinión (*sic*). Explicar sus razones y entonces se discute. Se discute tendiendo a convencerlo. Si necesitan alguna instrucción la corte puede darla. Si es algún

detalle de alguna declaración, la corte puede ordenar al taquígrafo que lea dicha declaración. La temeridad no debe existir en las cuestiones del Jurado. Si alguno de los Señores del Jurado dice: 'Yo no doy veredicto', y se le pregunta: '¿Por qué no da veredicto?', y él contesta: 'Porque no me da la gana', entonces lo que quiere es temeridad, que es desacato a la corte. Es una falta grave. Cualquier persona que cometiera eso, la corte aparte de la responsabilidad que tuviera, podría eliminar su nombre para siempre de la lista de jurados. La corte podría valerse de esos medios con una persona que se investiera de ese temperamento, porque sí, porque no quiero. La corte cree que el Jurado debe seguir deliberando y tratar de ponerse de acuerdo. Convencerse sin tener antagonismo personal. Cada individuo no es un individuo en sí, él es un componente de un tribunal de hecho. Debe prescindir de cualquier cuestión personal y tener muy presente es miembro del Jurado. Las cuestiones públicas son serias.

La corte y la opinión pública están pendientes de las actuaciones del Jurado. Saben que por más oculta que esté una cosa se sabe al final, si no hoy, si no mañana o pasado mañana. No es conveniente eso se sepa. Puede haber crítica sobre el Jurado por eso. Crítica que individualmente afecta a los miembros del Jurado, que aparecen en nombre de la corte. Lo que digo es lo siguiente: que los Señores del Jurado vuelvan al sitio de reunión y procedan a la altura del deber. ¿Pueden llegar a un acuerdo?

JURADOS: Podemos.

LIC. PÉREZ REGIS: (Defensa).

Vamos a tomar excepción por las manifestaciones vertidas en este momento.

JUEZ: Se hace constar así. Receso de la corte hasta la vuelta del Jurado.'' (T. de E., 176–180) (Bastardillas nuestras).

El apelante sostiene que los siguientes párrafos de las manifestaciones que hiciera el Juez al jurado constituyen una instigación y una amenaza tendente a que dicho jurado trajese un veredicto de culpabilidad:

''Si alguno de los Señores del Jurado dice: 'Yo no doy veredicto.' Y se le pregunta: '¿Por qué no da veredicto?' Y él contesta: 'Porque no me da la gana'. Entonces lo que quiere es temeridad, que es desacato a la corte. Es una falta grave. Cualquier persona que cometiera eso, la corte aparte de la responsabilidad que tuviera, podría eliminar su nombre de la lista de jurados.

'' *      *      *      *      *      *      *

"La corte y la opinión pública están pendientes de las actuaciones del Jurado. Saben que por más oculta que esté una cosa se sabe al final, si no hoy, si no mañana o pasado mañana. No es conveniente eso se sepa. Puede haber crítica sobre el Jurado por eso. Crítica que individualmente afecta a los miembros del Jurado, que aparecen en nombre de la corte.''

A nuestro juicio, las frases vertidas por el juez en manera alguna pudieron perjudicar los derechos del acusado. Dichas manifestaciones se refieren específicamente al caso hipotético de un miembro del jurado que caprichosa y arbitrariamente se niega a tomar parte en las deliberaciones de sus colegas. Un miembro de un jurado que así actúa, no sólo obstaculiza la administración de la justicia, si que viola el juramento que prestó como tal jurado de juzgar con rectitud la causa que pende ante el tribunal y emitir un veredicto imparcial de conformidad con la prueba.

Si el miembro del jurado a quien se imputó temeridad en realidad de verdad estaba actuando de buena fe y sosteniendo sus puntos de vista de acuerdo con los dictados de su conciencia, no tenía nada que temer por lo que dijera el juez, toda vez que su caso no era aquél a que la corte se había referido. El hecho de que la corte dijese que la opinión pública estaba pendiente de las actuaciones del jurado y que por más oculta que esté una cosa siempre se averigua, y que el jurado puede estar sujeto a críticas por ese motivo, no insinuaba al jurado disidente que necesariamente tenía que traer un veredicto de culpabilidad si en realidad él creía que el acusado era inocente.

Alega también el apelante que el juez no debió transmitir esas instrucciones sin haberlas pedido el jurado ni el fiscal ni la defensa. No debemos perder de vista que no se trata de instrucciones sobre la ley aplicable al caso, sino sobre las obligaciones generales de los miembros del jurado impuéstasles por la ley. Enterado el juez, como lo fué, de que podía existir temeridad por parte de un miembro del jurado, era su deber requerir al jurado en general, como en

efecto lo hizo, para que cumpliese fielmente con el deber impuéstole por la ley y con el juramento que cada uno de ellos prestó al ser aceptado para conocer de la causa. Véase *People* v. *Cherry,* 158 P. 335, y especialmente la monografía titulada *"Comments and Conduct of Judge Calculated to Coerce or Influence Jury to Reach Verdict in Criminal Case,"* que aparece en 85 A.L.R. 1420, cuya lectura recomendamos a la profesión en general y especialmente a los jueces de distrito.

*Por las razones expuestas, procede desestimar el recurso y confirmar la sentencia apelada.*

El Juez Asociado Sr. Travieso no intervino.