[Crim. No. 6653.   Second Dist., Div. Three.   Apr. 29, 1960.]

THE PEOPLE, Respondent, v. GUADALUPE RODRIGUEZ et al., Defendants; RUDOLPH CHAVEZ ESQUIVEL et al., Appellants.

Bradford A. Arthur for Appellants.

Stanley Mosk, Attorney General, and Elizabeth Miller, Deputy Attorney General, for Respondent.

SHINN, P. J.—Guadalupe Rodriguez, Rudolph Chavez Esquivel and James Belmont Bookout were jointly accused of possessing heroin and in a court trial they were found guilty as charged in the information. Allegations that Esquivel had suffered two prior felony convictions for narcotics violations were found to be true; an allegation that he had previously been convicted of grand theft was found not to be true. Rodriguez and Esquivel who were sentenced to state prison appeal from the judgments; the latter has noticed an appeal from the denial of his new trial motion; he made no motion for new trial.

The evidence consisted of that received at the preliminary hearing and additional evidence introduced at the trial. Having learned from an informant whose name he did not recall that two or three persons were driving through Huntington Park, Bell and South Gate and stopping in gas station restrooms to take narcotics, Deputy Sheriff Vacio gave this information to the Huntington Park Police Department and it was passed on to Officers Cracken and Chesley at a briefing on August 27, 1958. That afternoon, Cracken observed the car described in the briefing in the parking lot of a Richfield gas station and contacted Chesley by police radio. The latter drove to the station. It had two coin-operated restrooms. The officers obtained from the gas station attendant a master key and permission to enter the rooms. When the officers approached the men's room the attendant said that it was out of order and that there were three men in the ladies' room. The officers knocked on the door and opened it partially, using the key. A man called out: "We are using this restroom" and forced the door shut. The officers pushed the door open and entered. The room had dimensions of 4 feet by 6 feet. The three occupants were ordered to come out with their hands up. As Rodriguez and Esquivel left the room, Bookout dropped an eyedropper into the wash basin. The officers placed them under arrest and searched the room. They found

capsules which were proved to contain heroin. Appellants and their co-defendant Bookout did not testify.

It is first contended that the heroin was obtained by means of an unlawful search and seizure. Appellants argue that they were lessees of the restroom, having paid for admittance by placing a coin in a mechanical box, and that forcible entry by the officers was in violation of their constitutional right to privacy. We cannot agree.

In our opinion the arrest and search were lawful and there was no violation of appellants' asserted right of privacy, at least, in a legal sense. The communication from the unknown informant, the apprehension of the car, the observation of the actions of the three occupants justified the officers in forcing entry. They had obtained a key and the permission of the gas station attendant to enter the restroom. Appellants say in their brief that the attendant could not lawfully give consent, but the argument is without merit. The officers were entitled to believe that the attendant had the authority which he appeared to have. (*People* v. *Gorg*, 45 Cal.2d 776 [291 P.2d 469].) Upon entering and observing Bookout drop an eyedropper into the wash basin they had reason to believe from all the circumstances that were known to them that the occupants of the room were engaged in taking narcotics. We think there was reasonable justification for the arrest and search of the premises.

It is next contended that the court committed error in denying a motion of appellants to strike the testimony of Officer Chesley. The motion was made upon the ground that the People were required to disclose the name of the informant. There was no error in the ruling. The officers who were questioned at length, did not know the name of their informant. (*People* v. *Prewitt*, 52 Cal.2d 330, 336-337 [341 P.2d 1].)

It is finally contended on behalf of Esquivel that he was improperly charged with having suffered three prior felony convictions because the priors were alleged on an unsigned sheet "entered in the record after entry of plea and without leave of court to amend the information." It appears, however, that Esquivel denied the prior convictions at the time he entered his plea of not guilty of possessing heroin. The sheet was present, was endorsed with the number of the case, and its contents were known to the court and the parties. The failure of the district attorney to subscribe the sheet containing the allegations of the priors was a point that should have been raised by motion to set aside the information. Esquivel

made a motion to dismiss the information but the motion was based solely upon the claimed invalidity of the arrest, and the final point now urged on the appeal must be deemed to have been waived. (*People* v. *Fritz*, 54 Cal.App. 137 [201 P. 348].)

The judgments are affirmed. The appeal of Esquivel from the nonexistent order denying him a new trial is dismissed.

Vallée, J., and Ford, J., concurred.