Filed 11/18/24  P. v. Park CA1/3
**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FIRST APPELLATE DISTRICT

## DIVISION THREE

| | |
|---|---|
| THE PEOPLE,<br><br>        Plaintiff and Respondent,<br><br>v.<br><br>TONG MYUNG PARK,<br><br>        Defendant and Appellant. | A169048<br><br>(San Mateo County Super. Ct.<br>  No. SC034313A) |

Tong Myung Park appeals from a postconviction order denying his motion to vacate his perjury convictions under Penal Code[1] section 1473.6. His appointed appellate counsel filed a brief pursuant to *People v. Delgadillo* (2022) 14 Cal.5th 216 (*Delgadillo*), and Park subsequently filed a supplemental brief on his own behalf.  For the reasons set forth below, we affirm the order.[2]

---

[1] All undesignated statutory references are to the Penal Code.

[2] On July 26, 2024, Park filed a request for judicial notice of (1) various documents related to *Swift v. Park* (Super. Ct. San Mateo County, 1993, No. 384037) (exhs. A–B, E), (2) custody records of Park (exh. C), (3) Article I of the California Constitution (exh. D), (4) a San Mateo County pamphlet, entitled "Victims Services Division" (exh. F), (5) Penal Code section 529 (exh. G), (6) various California Rules of Court (exhs. H–I), and (7) various published court decisions (exhs. J–V, X–Z).  We grant Park's request as to exhibits A–E, G–V, and X–Z.  (Evid. Code, § 452, subds. (a), (d).)  We deny his

## FACTUAL AND PROCEDURAL BACKGROUND

In 1993, Sarah Swift sought a civil harassment injunction against Park. The court granted the injunction, and this court affirmed the judgment. (*Swift v. Park* (Aug. 4, 1993, A062713) [nonpub. opn.].)[3]

The following year Park was charged with seven counts of perjury relating to his testimony in the civil harassment trial. All counts contained identical charging language, including the alleged date of the perjury. Following a bench trial, the court rejected Park's various motions to dismiss,[4] found Park not guilty of perjury on count one, and convicted him of the remaining six counts of perjury (counts two to seven). The court sentenced him to four years in state prison on count two and stayed sentencing as to the remaining counts.

Park initially appealed the judgment to this court but abandoned the appeal to pursue a writ of habeas corpus in the United States District Court for the Northern District of California. (*People v. Park* (Dec. 17, 2021, A074059) [nonpub. opn.].) That court dismissed Park's claims without prejudice due to lack of subject matter jurisdiction and denied two subsequent requests by Park to reopen the habeas corpus action.

Park then filed a request in San Mateo County Superior Court to vacate the 1994 information charging him with perjury and his subsequent conviction. That request was denied, and Park appealed that decision in

---

request as to exhibit F as it is not relevant to our resolution of this dispute. The request did not include an exhibit W.

[3] On our own motion, we take judicial notice of the contents of the prior appeals and writs filed with the First District Court of Appeal as records of our court. (Evid. Code, § 452, subd. (d).)

[4] These motions have not been included in the appellate record.

2002. This court dismissed the appeal on the basis that the challenged order was not appealable. (*People v. Park* (Jul. 24, 2002, A099467).)

In 2020, Park filed a petition for writ of mandate requesting this court vacate the 1994 information and conviction. This court summarily dismissed the petition. (*Park v. Sup. Ct.* (*San Mateo*) (Mar. 12, 2020, A159808).)

Approximately nine months later, Park filed a writ of error coram nobis in the San Mateo County Superior Court, alleging the original trial court lacked jurisdiction and the conviction against him was void. The court denied his writ, and Park again appealed to this court. Park's counsel filed a *Wende*[5] brief, and Park submitted a 119-page supplemental brief, raising twenty-five issues. This court affirmed the trial court's denial of the petition, concluding the issues raised in Park's brief lacked merit and noting that while *Wende* does not apply to postconviction proceedings, courts "may exercise discretion to review the record independently . . . in the manner required by *Wende*." (*People v. Park* (Dec. 17, 2021, A162603) [nonpub. opn.].) This court opted to exercise such discretion and found no error. (*Ibid*.)

In 2023, Park filed a motion to vacate his conviction.[6] Park asserted he recently discovered the criminal complaint against him was not actually signed by Deputy District Attorney Paul Wasserman but rather by Deputy District Attorney Inspector Randall Curtis. He claimed Curtis lacked authority to file the criminal complaint against him. Park asserted the signature on the criminal complaint had not previously been at issue because "there was no reason to question it before," Park "was no handwriting expert

---

[5] *People v. Wende* (1979) 25 Cal.3d 436 (*Wende*).

[6] The record indicates Park filed multiple iterations of this motion to vacate. We summarize the most recent amended motion to vacate filed by Park.

to begin with," and Park "mistakenly thought that Randall Curtis was a special investigative prosecutor of some sort." Park argued Curtis engaged in fraud by misrepresenting that the complaint was filed by the district attorney, and such fraud deprived the court of jurisdiction to hear the matter. As a result, Park asserted he was illegally committed without probable cause and the judgment is void. He claimed his allegation of fraudulent misconduct by Curtis was not subject to due diligence, and his ability to discover the misconduct and present a defense was hindered by ineffective assistance of counsel. Finally, Park claimed (1) he should not have been convicted of perjury because, as the losing party in the civil harassment matter, any perjury did not prejudice the opposing party, (2) the government lacked prosecutorial standing, (3) Curtis violated his *Miranda*[7] rights, and (4) he was denied access to the courts by being denied jail library privileges.

The district attorney opposed the motion. The opposition raised numerous points, including (1) the motion to vacate was untimely, (2) section 1473.6 did not allow Park to challenge the court's jurisdiction, assert ineffective assistance of counsel, or raise *Miranda* claims, (3) Park's arguments regarding jurisdiction had previously been decided in his writ of error coram nobis, and (4) Park's perjury conviction was valid.

The court denied the motion. It first rejected Park's argument that the opposition papers were untimely, and then adopted the district attorney's analysis concluding that Park's motion was untimely. The court explained, "[m]ost of [Park's] claims are procedurally barred as excessive and/or claims that could have been raised on appeal and were not. [Park] had several different appeal[s], appellate petitions that were filed in this matter. They were all denied. [¶] . . . [T]he crux of [Park's] complaint is that the district

_____

[7] *Miranda v. Arizona* (1966) 384 U.S. 436 (*Miranda*).

4

attorney did not file and sign the felony complaint, instead it was Inspector Curtis. Even if that were true, it doesn't undermine the People's case and point to factual innocence as required under [section] 1473.6. [¶] The fact that an inspector impersonated a DA does not necessarily establish by that fact alone that the underlying charges are false." The court also found any deficiency with the complaint's signature was waived and did not deprive the court of jurisdiction, Park was afforded a preliminary hearing to challenge probable cause and the finding of probable cause was not challenged on appeal, any claims regarding the factual sufficiency of the complaint should have been raised in a motion for new trial or on appeal, and the claim of lack of jurisdiction was raised and rejected in connection with his prior petition for writ of error coram nobis. The court concluded by finding "the remainder of the claims set forth in [Park's] motion are untimely as they do not involve newly discovered evidence of government misconduct," such as the ineffective assistance of counsel claim.

Park appealed from the trial court order denying his motion to vacate. His appointed appellate counsel filed a brief under *Delgadillo*. We gave Park notice that he had a right to file a supplemental brief or his appeal could be dismissed. (See *Delgadillo*, *supra*, 14 Cal.5th at pp. 231–232.) Park filed a supplemental brief raising numerous claims regarding Curtis's alleged signature on the criminal complaint and the adequacy of the perjury charges.

## DISCUSSION

Park asserts his conviction must be vacated because his prosecution arose from a criminal complaint that contained an allegedly fraudulent signature of a district attorney investigator, Curtis, rather than a district attorney. As a result of this allegedly fraudulent signature, Park contends his subsequent arrest warrant was invalid, the district attorney did not have

5

standing to prosecute him, the court lacked jurisdiction, and Park was deprived of his ability to adequately prepare a defense.[8]  He also challenges the adequacy of the complaint generally, as well as the effectiveness of his trial counsel.

## I.  Motion to Vacate

Section 1473.6 allows a formerly incarcerated individual to "prosecute a motion to vacate a judgment for . . . [¶] (1) Newly discovered evidence of fraud by a government official that completely undermines the prosecution's case, is conclusive, and points unerringly to his or her innocence. [¶] (2) Newly discovered evidence that a government official testified falsely at the trial that resulted in the conviction and that the testimony of the government official was substantially probative on the issue of guilt or punishment. [¶] (3) Newly discovered evidence of misconduct by a government official committed in the underlying case that resulted in fabrication of evidence that was substantially material and probative on the issue of guilt or punishment. *Evidence of misconduct in other cases is not sufficient to warrant relief under this paragraph.*"  (§ 1473.6, subd. (a), italics added.)

" ' "[A] criminal judgment may be collaterally attacked on the basis of 'newly discovered' evidence only if the 'new' evidence casts fundamental doubt on the accuracy and reliability of the proceedings. . . . [S]uch evidence, if credited, must undermine the entire prosecution case and point unerringly to innocence or reduced culpability." ' "  (*People v. Forest* (2017)

---

[8] Park also asserts the Attorney General waived any timeliness objection to Park's motion to vacate because it was not filed within five days of Park's motion.  In support of his position, he cites California Rules of Court, rule 3.2231.  However, rule 3.2231 only applies to petitions under the California Environmental Quality Act (Pub. Resources Code, § 21000 et seq.; CEQA).  (Cal. Rules of Ct., rule 3.2231(a) ["In any actions governed by the rules in this article . . . ."].)

16 Cal.App.5th 1099, 1110.) " ' "[N]ewly discovered evidence" is evidence that could not have been discovered with reasonable diligence prior to judgment.' (§ 1473.6, subd. (b).)" (*In re Hardy* (2007) 41 Cal.4th 977, 1016.)

## A. Timeliness of Motion

As an initial matter, the parties dispute whether Park's motion is timely. Subdivision (d)(1) of section 1473.6 requires a motion to be brought within one year of "[t]he date the moving party discovered, or could have discovered with the exercise of due diligence," such evidence of misconduct or fraud. (§ 1473.6, subd. (d)(1).) Alternatively, the motion may be brought within one year of the statute's effective date—i.e., January 1, 2003. (§ 1473.6, subd. (d)(2).)

### 1. Signature on Complaint

Park's motion is based largely upon the validity of the signature on the original criminal complaint. Apart from claiming he relied on his attorney, Park fails to explain why due diligence would not require him to examine the sufficiency of the criminal complaint filed against him in 1994. He claims he only had the "inspiration" to search for Wasserman and Curtis's title deed records and obtain signature exemplars after his father passed, but he does not state when his "inspiration" occurred or when he first questioned the sufficiency of the signature. Moreover, since 1996, Park has filed approximately five different appeals and writs challenging the criminal proceedings and his conviction, with his filings raising numerous issues and often running over 100 pages. At some point during this process, due diligence would require him to assess the validity of the complaint.

In response, Park asserts his claims are not subject to a due diligence requirement. Park contends a judgment procured by fraud or due process violations deprives the court of jurisdiction and may be challenged at any

7

time, and he asserts Curtis's signature on the complaint constitutes both intrinsic and extrinsic fraud. But Park fails to demonstrate that an erroneous signature on the criminal complaint—assuming his allegation is true—constitutes either fraud or a due process violation such that the court was deprived of its jurisdiction.

A charging document fulfills due process requirements if it provides notice of the offense and contains a statement describing the offense charged, so that a defendant has a reasonable opportunity to prepare a defense. (*People v. Fitzgerald* (1997) 59 Cal.App.4th 932, 936.) An erroneous signature does not negate these components. To the contrary, "defects in an indictment do not deprive a court of its power to adjudicate a case" and can be forfeited. (*U.S. v. Cotton* (2002) 535 U.S. 625, 630–631.) And multiple courts have found an error regarding a signature is a defect that is subject to waiver and/or forfeiture.[9] (E.g., *People v. Barreras* (1960) 181 Cal.App.2d 609, 613–614 ["no objection to the signature of the deputy appearing on the pleading having been made before the lower court, it is deemed waived"]; *People v. Rodriguez* (1960) 180 Cal.App.2d 534, 536–537 ["The failure of the district attorney to subscribe the sheet containing the allegations of the priors was a point that should have been raised by motion to set aside the information"; failure to do so deems the point waived].)

Alternatively, Park argues the time limits of section 1473.6 are waivable. But he fails to cite any authority supporting his position. The only

---

[9] Likewise, Park has not demonstrated that Curtis's signature on the complaint—again, presuming such allegation is true—deprived the government of standing to prosecute the perjury charges. The cases upon which he relies involve attempts at criminal prosecution between private individuals. (E.g., *People v. Viray* (2005) 134 Cal.App.4th 1186, 1204 ["subjecting one citizen to criminal prosecution upon the whim of another citizen would deny the accused due process of law"].)

8

case cited by Park, *Kabran v. Sharp Memorial Hospital* (2017) 2 Cal.5th 330, is not instructive because it did not involve a motion brought under section 1473.6.

Here, Park is objecting to a defect in the signature on the criminal complaint filed against him in 1994—approximately 30 years ago. He was aware of the complaint at the time of his trial, and it was presumably reviewed by him and/or his counsel. As noted above, Park has filed numerous appeals and writs regarding the validity of the charges, the trial court's jurisdiction, and his conviction. Presumably in doing so he reviewed the relevant materials in his case, including the criminal complaint. He thus had ample time to identify any defects in the criminal complaint and raise them prior to now. Accordingly, the trial court did not err in finding his claims regarding the signature on the complaint untimely.

### 2. Charges in Criminal Complaint and Information

Park's brief also raises various arguments related to the adequacy of the complaint and information. Park appears to contend that Curtis improperly signed the complaint because he was aware the perjury charges were unfounded and unsupported by sufficient factual allegations, which deprived Park of the ability to fully prepare and present a defense or meaningfully appear in court. Park also contends (1) the lack of facts impaired the ability of the magistrate judge to assess if probable cause supported his arrest, (2) his subsequent conviction was, in essence, on an uncharged offense, and (3) any demurrer or request to dismiss would have been futile because the court initiated the perjury investigation. However, none of these arguments excuse his delay in challenging the adequacy of the complaint and/or information. Park was aware of the contents of the complaint and information since 1994. As noted above, Park has filed

9

numerous appeals and writs regarding the validity of the charges, and he fails to offer any justification for his significant delay in challenging the adequacy of the complaint and information and any resulting consequences. Accordingly, such arguments are untimely. (See § 1473.6, subd. (d)(1), (2).)

Moreover, the adequacy of a defendant's notice of the charges against him or her is considered in light of the information provided at a preliminary hearing. (*People v. Wilson* (2020) 56 Cal.App.5th 128, 156 ["When a case is initiated with the filing of an information, the defendant is afforded ' "practical notice of the criminal acts against which he must defend" ' primarily by way of the preliminary hearing transcript."].) Park has not offered the preliminary hearing transcript or any other evidence supporting his claim that notice of the charges was insufficient. " 'The appellate court is not required to search the record on its own seeking error.' [Citation.] Thus, '[i]f a party fails to support an argument with the necessary citations to the record, . . . the argument [will be] deemed to have been waived.' " (*Nwosu v. Uba* (2004) 122 Cal.App.4th 1229, 1246.)

Finally, Park contends the complaint was so deficient that it "d[id] not state a public offense," and this error is jurisdictional and cannot be waived. But section 952 provides that a pleading adequately states a public offense if it uses "the words of the enactment describing the offense or declaring the matter to be a public offense, or [states the offense] in any words sufficient to give the accused notice of the offense of which he is accused." Here, the counts in the criminal complaint track the statutory language for perjury. (See § 118, subd. (a).) Accordingly, the complaint stated a public offense. To the extent Park asserts the complaint lacked specificity about the charges, such arguments merely relate to " 'a defect of form, which should be attacked by demurrer.' " (*People v. Polowicz* (1992) 5 Cal.App.4th 1082, 1094

[" 'Failure to demur to an information on the ground of uncertainty constitutes a waiver of the objection [citations], and the validity of a subsequent judgment is not affected.' "].)[10]

### 3. Ineffective Assistance of Counsel

We also reject Park's argument that he failed to timely raise the fraudulent signature or the adequacy of the charges due to ineffective assistance of counsel. Park contends his counsel did not notice the signature and did not provide him with the preliminary hearing transcript. But to allege a claim of ineffective assistance of counsel, Park must demonstrate that his " 'counsel's conduct so undermined the proper functioning of the adversarial process that the trial cannot be relied on as having produced a just result.' " (*People v. Jones* (2010) 186 Cal.App.4th 216, 244, quoting *Strickland v. Washington* (1984) 466 U.S. 668, 693.) As discussed above, Park has not identified any substantive error related to the perjury trial. Nor has he explained how these alleged errors impaired his or his counsel's ability to defend against the charges. Accordingly, Park has failed to demonstrate any prejudice that would support an ineffective assistance of counsel claim. (*People v. Jones*, at p. 235 ["A defendant must show that his attorney's performance fell below this objective standard of reasonableness by a preponderance of the evidence."].)

---

[10] Because we find the claims related to the criminal complaint and information untimely, we need not address Park's substantive arguments regarding these claims. That said, we note this court conducted an independent review of the trial record in Park's appeal from his writ of error coram nobis and found no error. (*People v. Park*, *supra*, A162603.)

11

### B. Newly Discovered Evidence

Even if we were to conclude Park's motion was timely, he has failed to identify any newly discovered evidence that supports a section 1473.6 motion. The only new evidence he identifies are the reports prepared by his handwriting experts, both of whom concluded Curtis likely signed the criminal complaint.

Evidence that Curtis signed the complaint does not satisfy either subdivision (a)(2) or (a)(3) of section 1473.6—i.e., an erroneous signature is neither evidence of false trial testimony nor evidence of misconduct "that resulted in fabrication of evidence that was substantially material and probative on the issue of guilt or punishment."  Accordingly, Park has the burden of showing the evidence of an erroneous signature on the criminal complaint meets the requirements of subdivision (a)(1): "evidence of fraud by a government official that completely undermines the prosecution's case, is conclusive, and points unerringly to [Park's] innocence."

Park has not met his burden.  While he claims Curtis's actions satisfy subdivision (a)(1) of section 1473.6, Park does not explain how the signature undermined the prosecutor's case or "points unerringly to [Park's] innocence."[11]  Instead, Park argues a January 21, 1994 letter sent by Curtis to him requesting an interview constitutes evidence that Curtis knew Park could not be guilty of perjury.  But that letter is not newly discovered.

Park also asserts Curtis "destroyed" docket entries regarding the notice of appeal and subsequent remittitur, as well as evidence related to the arrest warrant.  But Park offers no evidence that Curtis took—or even had the ability to take—such actions.

---

[11] Confusingly, Park also contends Curtis's actions satisfy subdivision (a)(2), but he has not identified any false trial testimony by Curtis.

12

Finally, Park argues Curtis's signature on the complaint constitutes both intrinsic fraud—i.e., falsely declaring Park was guilty of seven counts of perjury—and extrinsic fraud—i.e., fraudulently procuring judgment. As a result, argues Park, the judgment was obtained by fraud. But Park fails to explain how the signature on the complaint resulted in a fraudulent judgment. Park received a bench trial on the claims against him, and he has not identified any errors regarding that process. Regardless of the signature on the criminal complaint, the prosecutor had to prove Park's guilt beyond a reasonable doubt, and Park was found guilty of six of the seven perjury charges.

Likewise, we reject Park's argument that any presumptions of guilt arising from his conviction are rebutted under *Carpenter v. Sibley* (1908) 153 Cal. 215 (*Sibley*). In *Sibley*, the plaintiff alleged he was falsely charged with an insufficient indictment. (*Id.* at p. 216.) In response, the district attorney asserted any insufficiency in the complaint was irrelevant because his conviction "conclusively establishe[d] . . . the presence of probable cause for his prosecution." (*Id.* at p. 217.) The California Supreme Court held that if a plaintiff was convicted, but " 'that the conviction was procured by fraud . . . or other unfair conduct on the part of the defendant, the presumption of probable cause is effectually rebutted.' " (*Id.* at p. 218.) But *Sibley* only applies if the *conviction* is procured by fraud. Here, Park agues his prosecution was initiated, and his arrest warrant was procured, by fraud. He has not offered any evidence regarding the validity of his conviction.

## II. Remaining Claims

Park raises various claims unrelated to the signature on the complaint, such as whether his civil appeal deprived the court of jurisdiction over the criminal complaint, if he could be guilty of perjury when he did not prevail in

13

the civil harassment case, if the government had standing to charge him with perjury due to the alleged lack of a victim, and whether the trial court's instruction to investigate Park for perjury violated separation of powers. We need not address any of these arguments because they cannot be raised in a motion to vacate under section 1473.6, which requires the discovery of new evidence.

Moreover, we disagree with Park that his appeal from his writ of error coram nobis does not preclude such claims. As part of his prior appeal, this court undertook an independent review of the record for error. And this court concluded no errors existed justifying reversal. (See *People v. Park*, *supra*, A162603.) Park cannot now contest that ruling in this appeal. (Accord, *Ducoing Management, Inc. v. Super. Ct.* (2015) 234 Cal.App.4th 306, 314 [party failed to "file any objection to our disposition," which had since "become final"; that disposition "is law of the case and is binding upon the parties . . . . We will not revisit the ruling here."]; *People v. Lee* (2023) 95 Cal.App.5th 1164, 1185 [" ' "[W]hen, in deciding an appeal, an appellate court 'states in its opinion a principle or rule of law necessary to the decision, that principle or rule becomes the law of the case and must be adhered to throughout its subsequent progress, both in the lower court and upon subsequent appeal.' " ' "].)

In sum, because Park raises no arguable issue in his supplemental brief, we affirm the trial court's post-conviction order.

### DISPOSITION

The order is affirmed.

14

_____

PETROU, J.


WE CONCUR:


_____

TUCHER, P. J.


_____

RODRÍGUEZ, J.


*People v. Park*/A169048

15